RAWLS v. PENN MUT. LIFE INS. CO. OF PHILADELPHIA.*

(Circuit Court of Appeals, Fifth Circuit.    October 21, 1918.)

No. 3072.

1. INSURANCE ⬬586—LIFE INSURANCE—VESTED RIGHTS OF BENEFICIARY.

Where a life policy reserved to insured right to change beneficiary, and insured, having defaulted, secured a loan on the policies to pay premiums, with the result, on the subsequent default, the automatic extended term insurance, to which the reserve was devoted, expired before the insured's death, the beneficiary cannot recover, on the theory her rights were vested, etc., for, if the insured could wholly destroy such rights by changing beneficiaries, he might do so indirectly.

2. BANKRUPTCY ⬬143(12)—INSURANCE POLICIES.

Where life policy reserved to insured right to change beneficiary, his creditors, on bankruptcy, may claim the cash surrender value.

Batts, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Suit by Edna M. Rawls against the Penn Mutual Life Insurance Company of Philadelphia on two life insurance policies. From a judgment rejecting her demands, she prosecutes this writ of error. Affirmed.

John S. Maxwell and Geo. C. Bedell, both of Jacksonville, Fla., for plaintiff in error.

W. M. Bostwick, Jr., Lake Jones, and Maynard Ramsey, all of Jacksonville, Fla., for defendant in error.

Before BATTS, Circuit Judge, and JACK and EVANS, District Judges.

JACK, District Judge. The plaintiff in error, as beneficiary, sued the defendant on two policies of insurance, for $7,000 and $3,000, respectively, issued on the life of her husband.

The premiums due for the year 1910 were not paid, and the insured failed to exercise within the time limit any of the options provided in such event, and the policies consequently lapsed. Several months later, however, without any new examination, the policies were reinstated and the premiums receipted for. The premiums were not paid in cash, but in two separate certificates executed by the insured, in each of which he acknowledged a loan and stipulated a lien on the respective policies to cover same. The amount borrowed on the $3,000 policy was just sufficient to pay the premium due. The amount borrowed on the $7,000 policy was sufficient to pay the premium due on the policy and that due on another policy not involved in this litigation.

The following year the insured paid neither the loans nor the new

premiums, and again the policies lapsed. Under the terms of the contract, the company deducted from the cash surrender value of the policies the amount of the indebtedness against each, and with the remainder purchased for him term insurance, as provided in both policies. This term insurance, or period of extension, as to each, expired long prior to the date of the death of the insured. Had the insured paid the 1910 premiums in cash, instead of executing this certificate of indebtedness on the policies to cover the premiums, the cash surrender value when the 1911 premiums fell due would have purchased paid-up term insurance for a period of time extending beyond the date of the death of the insured, or had he not paid the premiums or executed the certificates and liens in 1910, but allowed the policies then to remain lapsed, the cash value at that time would still have purchased term insurance extending beyond the date of the death of the insured. This is what the plaintiff claimed should have been done.

She denies the right of the insured to assign or incumber with any lien the policies without her consent, she being the beneficiary, claiming a vested right, and she contends that, when the policies lapsed in 1910 and the insured failed to exercise any of the options granted him under the terms of the policies, she automatically acquired such paid-up term insurance.

[1, 2] These contentions might have been sound, had the policies been ordinary life contracts; but it was plainly stated in the policies that the insured reserved the right to change the beneficiary. Thus, as was held by this court in the case of Malone v. Cohn, 236 Fed. 882, 150 C. C. A. 144, the beneficiary acquired only a contingent interest, subject to be extinguished at any time by the insured.

While admitting the right of the insured to change at will the beneficiary, she denies his right to create a lien on the policies without her consent. It would seem that the greater right included the lesser. If the insured could have changed the beneficiary to another person, or even to his own estate, he could have assigned or incumbered the policies to secure a loan. An assignment, in fact, to secure a debt greater than the face of the policies, would have been, in effect, a change in the beneficiary, which the policies specifically give the insured the right to make. The beneficiary could not complain if her rights had been entirely blotted out by such an assignment, and she should not be heard to complain when her rights are only partially affected by the act of the insured. Certainly she had little cause to complain when the very purpose of the loans was to prevent the lapsing of the policies, and thus preserve her rights, and the case is not affected by the remarkable circumstance that the policies would have been in force under the automatic term extension insurance clause of the contracts at the time of her husband's death, had he not borrowed the money to pay the premiums and prevented their lapse in 1910.

The cash surrender value of the policies at the time of the default in payment of the premiums in 1910, or at the time of the second default in 1911, could have been claimed by the creditors of the insured, had he then been in bankruptcy. Malone v. Cohn, 236 Fed. 882, 150 C. C. A. 144; In re Bonvillain (D. C.) 232 Fed. 370; Bonvillain v.

Howell, 237 Fed. 1015, 150 C. C. A. 660; In re Herr (D. C.) 182 Fed. 716; In re Jamison Bros. & Co. (D. C.) 222 Fed. 92; In re Shoemaker (D. C.) 225 Fed. 329. Consequently he could voluntarily have assigned the policies to his creditors, and, if he could have assigned the policies to all of his creditors through a trustee in bankruptcy, there is no good reason why he could not have assigned them to one particular creditor, the insurance company itself.

The insured at all times prior to his death had complete domination and control of the policies by reason of his reserved right at any time to change the beneficiary. As was well said by the Court of Appeals, Sixth Circuit, in the case of Mutual Ben. Life Ins. Co. v. Swett, 222 Fed. 204, 137 C. C. A. 644, Ann. Cas. 1917B, 298:

> "As the policy to Swett stipulated that he might, on his written request of the company for its appropriate indorsement on the policy, change the beneficiary, his wife did not acquire a permanent or vested interest in it. The existence of such an interest during her husband's lifetime was made impossible by the control over the contract of insurance given to him, independent of her will. Her right was inchoate, a mere expectancy during his lifetime, dependent on the will and pleasure of her husband as holder of the policy, and could not vest until his death happened with the policy unchanged. His control over the policy was, subject to its items, as complete as if he himself had been the beneficiary."

The insured clearly might have changed the beneficiary to himself, or to his estate, without the consent of, or even notice to, the beneficiary, and might then have made the assignment, or granted the lien to the company, and thereafter reinstated his wife as beneficiary. Had he gone through this circumlocution, her interest would undoubtedly thereby have been made subject to the assignment. What he might have done by indirection and circumlocution, he had the right to do by direct action.

The judgment is affirmed, with costs.

BATTS, Circuit Judge (dissenting). I cannot concur in the conclusion reached by my Brethren.

Under the policy the insured had the right to change the beneficiary in the way and under the conditions named by the policy. He also had the right, upon a proper assignment of the policy, to receive a loan. If the beneficiary, his wife, had an interest in the policy, the policy was not assigned, because that interest was not assigned. The interest of the wife was the same as in an ordinary policy, except that it was subject to be defeated by the act of the husband in making a change of beneficiary under the conditions and in the manner provided by the policy. This power was not exercised by the husband, and his execution of an instrument declaring a lien on the policy did not affect the rights of the wife.

These views are sustained by the courts of a number of the states: South Carolina: Deal v. Deal, 87 S. C. 395, 69 S. E. 886, Ann. Cas. 1912B, 1142; Indiana: Indiana Life Ins. Co. v. McGinnis, 180 Ind. 9, 101 N. E. 289, 45 L. R. A. (N. S.) 192; Massachusetts: Tyler v. Treas., etc., 226 Mass. 306, 115 N. E. 300, L. R. A. 1917D, 633; New Jersey: Sullivan v. Maroney, 76 N. J. Eq. 104, 73 Atl. 842; Colorado:

Johnson v. Insurance Co., 56 Colo. 178, 138 Pac. 414, L. R. A. 1916A, 868. Cases from Kentucky and Texas are apparently to the contrary. There are also cited as in conflict, cases with reference to certificates of benefit societies, where the rights of the parties are regulated by the rules of the societies, and bankruptcy cases, where the policy is treated as a part of the estate, because the bankrupt is in position to make the cash value of the policy available for his creditors.