JOHN HANCOCK MUTUAL LIFE INSURANCE CO. *v.*
JEDYNAK.

1. INSURANCE—CHANGE OF BENEFICIARY—EQUITY WILL GIVE EFFECT
TO INSURED'S ATTEMPT TO CHANGE.

Where insurance policy provided that beneficiary could be changed upon presentation of policy for indorsement, and insured endeavored in writing signed by her to accomplish change of beneficiary, but original beneficiary refused to surrender policy, court of equity will accomplish clear purpose of insured and frustrate contrary designs.

Refusal of original beneficiary to surrender policy as affecting attempted change of beneficiary, see annotation in 36 A. L. R. 771.

2. SAME—WAIVER OF RULE REQUIRING PRESENTATION OF POLICY.
   Where insurance company waived rule requiring presentation of
   policy for indorsement to effect change of beneficiary, original
   beneficiary, who refused to surrender policy for such purpose,
   could not invoke said rule in aid of her design to frustrate
   change of beneficiary.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted January 7, 1930. (Docket No. 16, Calendar No. 34,675.) Decided March 7, 1930.

Bill of interpleader by the John Hancock Mutual Life Insurance Company, a foreign corporation, against Paul M. Jedynak, Anna LaVera, and John LaVera to determine the right to the proceeds of an insurance policy. From a decree awarding the proceeds to defendant Jedynak, defendant Anna La-Vera appeals. Affirmed.

*Bratton & Bratton,* for defendant Jedynak.

*George P. Palmer* (*Harold F. Coyle,* of counsel), for defendant LaVera.

WIEST, C. J.   This is a bill of interpleader. February 16, 1927, plaintiff issued a $1,000 policy of insurance to Victoria LaVera, then unmarried, with Anna LaVera, her mother, beneficiary. March 15, 1928, plaintiff issued another $1,000 policy of insurance to Victoria LaVera, with John LaVera, her father, beneficiary. Under the policies the beneficiaries could be changed in writing by the insured upon presentation of the policies for indorsement. In April or May of 1928, the insured became the wife of defendant Jedynak, and then wanted to have her husband the beneficiary of both policies. Her father turned over the policy he held as beneficiary, and a

change of beneficiary was sought, and, at the hearing, the father abandoned all claim of benefit. The mother of the insured, as beneficiary, held the other policy. The insured was sick, and, in an endeavor to constitute her husband beneficiary of that policy, she executed a proper writing, but her husband was unable to procure the policy from her mother, and the insurance company refused to change the beneficiary without the production of the policy. The insured died September 5, 1928. Anna LaVera, mother, and John LaVera, father, of the insured, claimed the insurance as beneficiaries. Paul M. Jedynak, husband of the insured, also claimed the insurance as beneficiary, and brought suit at law against the insurance company. Thereupon the insurance company filed the bill herein to have the beneficiary claimants interplead, paid the insurance into court, and the claimants interpleaded. The claim of John LaVera was abandoned. The circuit judge found that the insured wanted to substitute her husband as beneficiary in place of her mother, and did all she could to accomplish such purpose, and, in view of equitable considerations, decreed the funds in court to the husband. Anna LaVera appealed.

The insurance company in interpleading the claimants and paying the money into court confessed liability, waived defenses, and submitted the issues between the contesting claimants to decision in accord with equitable principles. Under the policies, the insured had a right to change the beneficiaries. It is well settled that if the insured wanted to change the beneficiaries and endeavored, in a writing signed by her, to accomplish such purpose, and was only prevented by the original beneficiary refusing to turn over the policy and the declination of the insurer to grant her written request without production of

the policy, a court of equity will accomplish the clear purpose of the insured and frustrate contrary designs.   The insurer has waived its rule requiring production of the policy for indorsement of change of beneficiary, and Anna LeVera cannot, in equity and good conscience, invoke the waived rule in aid of her design to frustrate change of beneficiary.

What we have said is amply supported by authority.   See *Quist* v. *Insurance Co.*, 219 Mich. 406, and authorities there cited; *New York Life Insurance Co.* v. *Cook*, 237 Mich. 303, and, also, *McDonald* v. *McDonald*, 212 Ala. 137 (102 So. 38, 36 A. L. R. 761), for a full discussion of the subject and annotation of authorities.

The decree is affirmed, with costs against Anna LaVera.

Butzel, Clark, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.