BAXTER *v.* THE OLD NATIONAL-CITY BANK.

(Decided December 2, 1933.)

*Messrs. Hughes & Rodgers* and *Messrs. Meredith & Meredith,* for plaintiff in error.
*Mr. Paul T. Landis,* for defendant in error.

GUERNSEY, J.   This is a proceeding in error from an order of the court of common pleas directing the application of the proceeds of certain insurance policies to the payment of a judgment of the defendant in error, The Old National-City Bank, against the plaintiff in error, C. S. Baxter, in proceedings in aid of

execution brought by the defendant in error in said court.

The parties will be hereinafter referred to in the relation in which they appeared in the common pleas court, C. H. Ellis, receiver of The Old National-City Bank, being referred to as plaintiff, and C. S. Baxter being referred to as defendant.

On December 17, 1930, the plaintiff recovered a judgment against the defendant on a promissory note for the sum of $2,622.45, with interest at eight per cent. from said date, and costs. Execution was thereafter issued on said judgment and returned wholly unsatisfied.

On March 7, 1927, defendant took out two policies of insurance, No. 13111969 and No. 13111970, with the Travelers Insurance Company. Each of said policies, among other things, provided for the payment of the principal sum of $10,000 to Blanche M. Baxter, wife of the insured, in the event of the death of said C. S. Baxter. Each of said policies further provided that the insured might at any time, and from time to time, during the continuance of such policies, change the beneficiary thereof. Each of said policies of insurance contained the further provision that upon due proof that since the payment of the initial premium upon the contract, and before default in the payment of any subsequent premium during the continuance of the contract, and before the anniversary of the contract nearest the sixty-fifth anniversary of the date of birth, the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive the payment of any premiums which may fall due on the contract during such disability and will pay for each completed month from the commencement of such disability, and during its continuance, the disability income stated on the first page

of the contract, being the sum of $100 per month. Each policy further provided that the insured should pay a premium of $265.04 annually, and that such premium included $90.50 for permanent total disability benefits set forth in the policy.

The defendant paid the initial premium on each policy in the sum of $265.04, which included $90.50 for permanent total disability benefits under such policy.

Thereafter, defendant made claim against said insurance company for permanent total disability benefits from April 1, 1928, and the said Travelers Insurance Company paid defendant the monthly benefits under such policies in the sum of $200 per month for four years, or until March 1, 1932, at which time the company refused to pay further monthly indemnities.

Thereafter, defendant, as the insured, brought suit in the municipal court of the city of Lima, against the insurance company for the recovery of $400, being the amount claimed as monthly total disability benefits for the months of March and April, 1932. Afterward, on or about June 4, 1932, the defendant instituted another suit against the insurance company in the court of common pleas of Allen county, Ohio, in which he sought to recover such monthly benefits under both insurance policies, in the sum of $200 for the month of May, 1932.

Both of said cases were pending until September 19, 1932, at which time the Travelers Insurance Company made a settlement of said law suits with the defendant, and both of said law suits were dismissed; and at the same time, and as a part of the same transaction, defendant made a settlement with said insurance company of all other claims and demands he had against said company under said policies, and said two policies of insurance held by defendant in said insurance company were then canceled and surrendered to said insurance company.

It was stipulated and agreed by the parties at the

hearing in the lower court that the money received by C. S. Baxter from the Travelers Insurance Company at the time of the dismissal of the suits by C. S. Baxter against the Travelers Insurance Company in the court of common pleas of Allen county, Ohio, and the municipal court of the city of Lima, Ohio, was in excess of the amount of the plaintiff's claim, including the judgment, interest, and costs in this cause, and the amount of the statutory exemptions in lieu of homestead and similar exemptions.

The money paid in settlement was paid by draft on the Travelers Insurance Company, payable to the order of C. S. Baxter and Blanche M. Baxter, and the defendant, C. S. Baxter, testified that the money represented by such draft was in his possession at the time of the hearing of the cause in the lower court.

On or about the 22d day of September, 1932, plaintiff began the proceedings in aid of execution in the court of common pleas against the defendant, and pursuant to proper order and notice, defendant appeared before said court on October 3, 1932, to answer in said proceedings concerning his property, and in this proceeding the facts above mentioned were in evidence.

On January 11, 1933, in said proceedings in aid of execution, the lower court found that the defendant, C. S. Baxter, is indebted to the plaintiff, C. H. Ellis, as receiver of The Old National-City Bank, on the judgment hereinbefore mentioned, in the sum of $2,622.45, with interest at eight per cent. from December 18, 1930, and costs; and that the defendant, C. S. Baxter, owns and has the control and possession of certain property, to wit, money in an amount in excess of plaintiff's judgment, interest, and costs, and that said property is not exempt from execution and should be applied on plaintiff's judgment; and ordered, adjudged, and decreed that the defendant, C. S. Baxter, deliver and pay over to the clerk of courts of Allen county sufficient money to satisfy said judgment, in-

terest, and costs, including costs of the proceeding in aid of execution, and that the injunction heretofore entered in this cause be continued in full force and effect until payment is made as ordered.

The injunction referred to is an order of injunction entered October 3, 1932, enjoining the defendant, C. S. Baxter, from disposing of, incumbering, or in any manner transferring the sum of $3,000 in possession of said Baxter and on deposit in The City Loan & Savings Company. And the entry relating to said injunction contains the further order to the effect that said C. S. Baxter shall hold said sum of $3,000 in said The City Loan & Savings Company intact to abide the final determination of the proceeding, and upon final determination thereof to pay the said sum of money as directed by the court.

It is the contention of the plaintiff in error that the lower court erred in its judgment and order for the reason, as claimed by plaintiff in error, that the money so received from the Travelers Insurance Company is exempt from execution and from the payment of the debts of C. S. Baxter, by reason of the provisions of Section 9394 of the General Code of Ohio, which read as follows:

"All policies of life insurance upon the life of any person, which may hereafter mature, and which have been or shall be taken out for the benefit of, or bona fide assigned to the wife or children, or any relative dependent upon such person, or any creditor, shall be held subject to a change of beneficiary if desired, for the benefit of such wife or children, or other relative or creditor, free and clear from all claims of the creditors of such insured person; and the proceeds or avails of all such life insurance shall be exempt from all liabilities from any debt, or debts, of such insured person."

The section above mentioned was first adopted in 45 Ohio Laws, page 53, Section 1, and appears as Section

3628 of the Revised Statutes of 1880. The section as originally enacted authorized any person to effect insurance on his life for any definite period of time, or for the term of his natural life, to inure to the sole benefit of his widow and children, or of either, and further provided that the sum or net amount of insurance becoming due and payable by the terms of insurance should be payable to his widow, or his children, for their own use, as provided in the policy, exempt from all claims by the representatives and creditors of such person; and further provided that the premium annually paid on such policy should not exceed the sum of $150, and in case of. such excess there shall be paid to the beneficiaries named in the policy such portion of the insurance as the sum of $150 will bear to the whole annual premium, and the residue to the representatives of the deceased.

This section was amended in 93 Ohio Laws, at page 131, but the only change made by the amendment was to remove the limitation on the amount that might be paid for annual premium and to substitute in its stead a provision that subject to the statute of limitations the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall inure to their benefit from the proceeds of the policy.

It will be noted that under the original section and this amendment the insurance had to inure to the sole benefit of the widow and children, or of either, and that there were no provisions permitting change of beneficiary or specifically extending the protection of the statute to the proceeds or avails of such insurance.

The section mentioned was again amended in 103 Ohio Laws, at page 558, now incorporated in Sections 9394 and 9395 of the General Code. This amendment had the effect of adding additional persons to the class of protected beneficiaries, and permitting such policy to be held subject to a change of beneficiary, if desired,

and of including within the protection of the statutes the proceeds or avails of all such life insurance.

It will be noted, however, that under the provisions of Section 9394 the policies of life insurance shall be held, subject to a change in beneficiary, if desired, free and clear from the claims of the creditors of such insured person for the benefit of such "wife and children" or "other relative" or "creditor." By the use of the words, "all such life insurance," in the latter part of the section, this limitation, as well as the other limitations and conditions relating to life insurance policies appearing in the first part of the section, are applied to the proceeds or avails thereof, and it is only the proceeds or avails of life insurance under life insurance policies conforming to the provisions of the first part of the section, and which are held "for the benefit of such wife or children," or other relative "free and clear from all claims of the creditors of such insured person," that shall be exempt from all liabilities for any debt or debts of such insured person.

In construing Section 9394 of the General Code, the United States Circuit Court of Appeals of the Sixth Circuit, in the cases *In re Weick* and *In re Jones,* 2 F. (2d), at page 647, held:

"Under Gen. Code Ohio, § 9394, making certain life insurance policies exempt from claims of creditors, and under Bankruptcy Act, § 6 (Comp. St. § 9590 [Title 11, Section 24, U. S. Code]), policy in which bankrupt's wife was beneficiary held exempt, and title to cash surrender value thereof did not vest in trustee under section 70a (Comp. St. § 9654 [Title 11, Section 110, U. S. Code]), notwithstanding provision for change of beneficiary."

At page 649 of the opinion, it is said:

"*If such change in beneficiary is made to some person not named in this statute, then, of course, the policy would no longer be exempt from claims of creditors.*"

In the case of *In re Messinger (Ex parte Riley),*

decided by the Circuit Court of Appeals, Second Circuit, November 19, 1928, and reported in 29 F. (2d), at page 158, 68 A. L. R., 1205, the court, in construing a similar New York statute, followed the decision in the case of *In re Weick,* above referred to. And in the opinion, at page 160, the reasoning of the court in its opinion in the *Weick case,* that "if such change in beneficiary is made to some person not named in this statute, then, of course, the policy would no longer be exempt from claims of creditors," is approved and followed.

In the case at bar Blanche M. Baxter, who was the beneficiary of those parts of the policies relating to life insurance, is not a party to the proceeding in aid of execution, and no claim has been made in said proceeding by her or on her behalf to the proceeds of such policies.

It appears from the evidence that the policies were surrendered, and the draft covering the amounts paid in settlement of the life insurance contract, incorporated in the policies as well as in the contract for disability benefits, was made payable to the order of Blanche M. Baxter and C. S. Baxter, and the proceeds of such draft were at and prior to the hearing in the possession of C. S. Baxter.

As the defendant reserved the right to change the beneficiary in the policies, the right of such beneficiary was contingent and did not become vested. *Oetting, Gdn.,* v. *Sparks,* 109 Ohio St., 94, 143 N. E., 184. And the insured had the right to cut off her rights by surrendering the policies for cancellation. 22 Ohio Jurisprudence, 423. The surrender of the policies and the receipt and possession of the entire proceeds and avails thereof by the defendant operated in the same manner as a change in beneficiary made by him would have operated, in that the original beneficiary was deprived of all her rights under the policies. A change of beneficiary, under the authorities mentioned, changes the

character of the proceeds from exempt to nonexempt property, and the action taken by the defendant had the same effect. As the benefit of the statute is expressly limited to the wife or other person in the preferred class specified in the statute, the defendant, Baxter, who is in possession of the proceeds and avails of the policies, and who is not in the preferred class specified in the statute, cannot assert a claim of exemption of such proceeds and avails under the statute.

Or, to take another view of the case, the policies mentioned each contain two contracts, one of life insurance, of which Blanche M. Baxter is the beneficiary subject to the right of C. S. Baxter to change beneficiary, and one providing for total disability benefits of which C. S. Baxter is the sole beneficiary. The exemption provided by statute is limited to the "proceeds or avails of *all such life insurance*," and does not either expressly or impliedly include the proceeds or avails of the disability contract. *Chattanooga Sewer Pipe Works* v. *Dumler,* 153 Miss., 276, 120 So., 450, 62 A. L. R., 999.

The proceeds of these policies in the possession of C. S. Baxter include both the proceeds of a life insurance contract and of a disability contract, and there is no evidence showing which part of the proceeds is derived from either contract.

As that part of the proceeds of the policies derived from the disability contract is not exempt, and neither the part of the proceeds derived from the disability contract nor the part derived from the insurance contract can be identified, even if the defendant was entitled to hold the proceeds of the life insurance contract exempt, he could not hold the fund composed of both exempt and nonexempt property exempt. As the defendant is claiming the exemption, the burden is on him to prove the facts entitling him to such exemption, and to identify the property upon which the exemp-

tion operates. This he has not done and consequently his claim for exemption fails.

Holding these views, the judgment of the lower court is affirmed.

*Judgment affirmed.*

CROW, P. J., and KLINGER, J., concur.