## VICTORY INSURANCE CO. v. SCHROEDER et al.

No. 22000.　March 20, 1934.

Thompson, Knight, Baker & Harris, Sol Goodell, and Johnson, McGill & Johnson, for plaintiff in error.

Andrew B. Riddle, for defendant in error Emil Schroeder.

Rittenhouse, Lee, Webster & Rittenhouse, for defendant in error Milwaukee Mechanics' Insurance Company.

PER CURIAM. This action arose in the district court of Carter county, wherein Emil Schroeder was plaintiff and Milwaukee Mechanics Insurance Company, a corporation, and Victory Insurance Company, a corporation, were defendants. The case was tried to a jury on March 7, 1930, and at the close of the plaintiff's evidence, the Milwaukee Company demurred to the evidence of the plaintiff, and the plaintiff moved for judgment against both defendants. The court took both under advisement. The trial court discharged the jury, to which no one objected; and the trial without a jury was resumed on March 28, 1930, at which time evidence was offered by defendants, after which the court entered judgment for the plaintiff, Emil Schroeder, in the sum of $965.80, with interest thereon at the rate of 6 per cent. per annum from the 17th day of March, 1927, against the defendant Victory Insurance Company, and entered judgmen in favor of the defendant Milwaukee Mechanics Insurance Company.

The plaintiff and the defendant Victory Insurance Company have appealed from the action of the trial court releasing the Milwaukee Mechanics Insurance Company, and a joint brief was filed for the plaintiff and the Victory Insurance Company. The Victory Insurance Company admits owing one-half of the judgment, which it has paid.

Emil Schroeder was the owner of a lot in the city of Ardmore, on which there was a frame residence. He carried a policy of fire insurance on the building with the Milwaukee Mechanics Insurance Company, dated April 8, 1924, and which ran for a period of three years. There was a mortgage on the property in favor of Emma E. Cowper and Christiana C. Presnel. The insurance policy with the Milwaukee Company was lost, so the plaintiff, Schroeder, on the 19th day of January, 1927, went to a Mr. Love, who had purchased the expirations from the Milwaukee Insurance Company, but who did not write insurance for the Milwaukee Mechanics Insurance Company, and said company did not have an agency at that time in Ardmore; and plaintiff told Mr. Love that he desired to cancel his policy with the Milwaukee Mechanics Insurance Company. Thereupon Mr. Love fixed up a lost policy voucher which was signed by the plaintiff and the

two mortgagees, and in which the policy by the Milwaukee Mechanics Insurance Company to Schroeder was canceled. Mr. Love turned this lost policy voucher over to the plaintiff and told the plaintiff to send, it, together with a draft that he made out for the sum of $1.22 for unearned premium on the policy, to Mr. R. A. Gamble, state agent for the Milwaukee Mechanics Insurance Company, at Wichita, Kan. The plaintiff took the voucher and draft to Mr. O. M. Redfield, who was the agent of the defendant Victory Insurance Company, telling him he wished to cancel the Wilwaukee Company policy and take out a new policy with Mr. Redfield's company. A new policy of insurance from the Victory Insurance Company to Schroeder for $1,000 was issued by Redfield. The lost policy voucher, together with the draft, was turned over to Mr. Redfield, who sent them through an Ardmore Bank to Wichita, Kan., to Mr. R. A. Gamble, state agent for the Milwaukee Company. The voucher and draft were returned from Wichita, Kan. R. A. Gamble, the state agent, on the 25th of January, 1927, wrote Mr. Love and acknowledged the fact that the lost policy voucher and the draft had been presented to him by the bank, but due to the fact that he did not have the necessary records, he returned it and instructed Love to take the matter up direct with the home office. Mr. Love did not do anything further about the matter, nor did Mr. Redfield, except that he required the plaintiff to pay him the $1.22, which he was supposed to have collected from the Milwaukee Mechanics Insurance Company. Redfield made no further effort to have the money paid by the Milwaukee Company.

On March 17, 1927, the plaintiff's building, which was covered by the policies heretofore referred to, was destroyed by fire. The Milwaukee Company did not tender the $1.22, the unearned premium on the policy held by the plaintiff with said company, until after the fire, and said tender was not accepted by the plaintiff.

There is no question raised as to the correctness of the amount of the judgment. The controversy is only as to whether or not the Milwaukee Company should have been held for half of the judgment.

This case presents but two questions to be decided: The first is, whether or not the cancellation notice which was sent to R. A. Gamble, the state agent of the Milwaukee Mechanics Insurance Company, in January, 1927, was a sufficient notice to cancel the policy of insurance under its terms; and the

second is, whether or not the defendant Victory Insurance Company was estopped to claim that the policy had not been canceled by reason of the conduct of its agent at the time of the issuance of its policy of insurance to the plaintiff. This court answers these questions in favor of the Milwaukee Insurance Company.

The Milwaukee Company policy provided as follows:

"This policy, shall be canceled at any time at the request of the insured; or, by the Company by giving five days' notice of such cancellation."

The right of Gamble, the state agent for the Milwaukee Mechanics Insurance Company, to accept policies for cancellation, was never questioned by the plaintiff and the defendant Victory Insurance Company at the trial. It might be true that more positive proof could have been made of this authority, but at no time in the trial was this right questioned. When all of the evidence is considered, there can be no question but that R. A. Gamble was a duly authorized agent of the Milwaukee Insurance Company, and was fully authorized to accept notices of cancellation.

It is the well-settled rule of law, where the policy of insurance provides that the insurance may be canceled at any time on the request of the insured, that the surrender of such policy with a request to the insurer or its authorized agent that it be terminated, operates ipso facto as a cancellation. See the case of Crown Point Iron Co. v. Aetna Insurance Co., 127 N. Y. 608, 614-616, 28 N. E. 653, 14 L. R. A. 147. In the case of Insurance Commissioner v. Peoples Fire Insurance Co., 68 N. H. 51, 44 Atl. 82, it was held that where the insurance contract entered into by the company provides that it may be terminated at the request of the insured, the reasonable construction of the insured's contractual right to terminate the policy is that he may do so by delivering it to an agent of the company with the request that it be canceled, or with notice that he surrenders it for cancellation, or with any direct manifestation of his purpose to terminate it at that time. In the case of Insurance Company of North America v. Detroit & Security Trust Company, 51 Fed. (2d) 155, it was held that communication to insured's brokers directing cancellation of policies was ineffective until transmitted to the Insurance Company, but was effective as to companies for which the brokers acted as general agents.

In the case at bar, R. A. Gamble was more

than a general agent or insurance solicitor; he was the state agent for the Milwaukee Insurance Company. Since there was no evidence in the record to show that R. A. Gamble was anything but a proper agent of the defendant Milwaukee Insurance Company to accept the notice of cancellation, there was no question of fact for the jury to pass on, and we think that the action of the trial court in taking the case away from the jury was proper.

The return of the unearned premium was not a condition precedent to the cancellation of the insurance policy. In a case where the insurer was trying to cancel a policy, that might be true, but that does not hold true when the insured is seeking to have the policy canceled. Parsons & Arbaugh v. Northwestern National Insurance Co., 133 Iowa, 532, 110 N. W. 907; Gately-Haire Co. v. Niagara F. Insurance Co., 221 N. Y. 162, 116 N. E. 1015, Ann. Cas. 1918C, 115.

There is another hurdle that the plaintiff and Victory Insurance Company would have to take here before the Milwaukee Company could be held liable in this case. At the time that O. M. Redfield took the plaintiff's application for insurance with the Victory Company, he was told by the plaintiff that he wanted to cancel his insurance with the Milwaukee Company and take it with a company that had a local agency in Ardmore, and wanted to give Redfield the business. Redfield understood, and so testified, that the plaintiff was canceling the policy of insurance with the Milwaukee Company, and was taking the insurance with Redfield's company to take the place of the insurance with the Milwaukee Company; and, in addition to that, Redfield undertook the responsibility of seeing that the notice of cancellation was transmitted to the proper agent of the defendant Milwaukee Company, and if the same was not properly transmitted, it was the dereliction of the Victory Insurance Company's agent, Redfield, in not seeing that it was done. In the case of Insurance Company of the State of Pennsylvania v. Parks & Pollard, 180 N. Y. S. 143, on facts somewhat similar to the case at bar, it was held that where an insurer knew when it issued its policy that the original policy was still outstanding, and relied on the representations and agreement of the insured's agent that it would be surrendered as not wanted, it was liable on its policy of insurance as an original policy, and the company having the original policy would have an absolute defense to a suit against it on said policy.

The judgment of the trial court is hereby affirmed.

The Supreme Court acknowledges the aid of District Judge Harry L. S. Halley, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of the court for examination and report. Thereafter the opinion, as modified, was adopted by the court.