LALONDE v. ROMAN STANDARD LIFE INS. CO.

1. INSURANCE—CASH SURRENDER VALUE.
     Listing of "cash value" in life insurance policy is construed as
     cash surrender value.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
   CEASED.
     In action by beneficiary under life insurance policy against in-
     surer, testimony of defendant's local agent and president and
     general manager as to surrender of policy and payment of its
     cash value *held*, not improperly received although matters
     were equally within knowledge of deceased insured, where
     plaintiff herself opened the door to such testimony on cross-
     examination (3 Comp. Laws 1929, § 14219).

3. INSURANCE—EVIDENCE—MATTERS EQUALLY WITHIN KNOWLEDGE
   OF DECEASED.
     Testimony, in action by beneficiary under life insurance policy
     against insurer, which was unobjectionable as being equally
     within knowledge of deceased insured *held*, sufficient to bring
     out full facts of the case upon which court directed verdict
     for defendant (3 Comp. Laws 1929, § 14219).

4. SAME—SURRENDER—DEATH OF INSURED.
     Surrender of life insurance policy by insured, and release of in-
     surer in accordance with terms of policy and promise of pay-
     ment of surrender value by insurer *held*, to bind insurer to pay
     only the cash surrender value although insured died before it
     was paid, where insured had option to change beneficiary.

5. SAME—CHANGE OF BENEFICIARY.
     As between the beneficiary and insured under a life insurance
     policy, the insured retains full control of the policy and may
     exercise all rights thereunder without consent of beneficiary
     where policy reserves to insured the right to change benefi-
     ciary.

6. SAME—EXPECTANCY OF BENEFICIARY.
     Under policy reserving to insured the right to change beneficiary,
     latter has merely an expectancy which may be decreased in
     value or entirely cut off without her consent.

7. Same—Change of Beneficiary—Cashing In Policy.

Insured, in whom policy reserves right to change beneficiary, need not go through idle ceremony of first changing beneficiary to himself or his estate as condition precedent to cashing in the policy and releasing insurer, where there is no fraud or mistake on the part of the insurer.

Appeal from Manistee; Cutler (Hal L.), J. Submitted October 4, 1934. (Docket No. 87, Calendar No. 38,016.) Decided December 10, 1934.

Assumpsit by Anna LaLonde, beneficiary, against Roman Standard Life Insurance Company on a life insurance policy. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*F. E. Wetmore* and *Campbell & Campbell,* for plaintiff.

*Max E. Neal* and *Charles J. Dovel,* for defendant.

Butzel, J. The Roman Standard Life Insurance Company of Manistee, Michigan, issued to Fred F. Ferry of Pentwater, Michigan, a 20-payment, $1,000, nonparticipating life insurance policy. It provided for cash loan values at the end of the third year and each year thereafter, the amount payable at the end of the seventh year being $160. It also contained a clause stating that the beneficiary might be changed on written request filed with the company in due form, accompanied by the return of the policy for such notation. On March 1, 1932, upon the request of insured and proper indorsement on the policy, the beneficiary was changed, and Anna LaLonde, mother of the insured and plaintiff herein, was substituted for insured's wife, from whom he had been either divorced or separated. On the 1st day of March, 1933, Ferry voluntarily surrendered

the policy and delivered it, together with a proper release, to the local agent of the company for the purpose of transmitting it to the home office and obtaining the cash surrender value, which was to be forwarded to Ferry. The company duly received the policy and became liable for its cash value. On March 3, 1933, it wrote to its agent at Pentwater in order to ascertain the exact amount of the cash surrender value, there being some uncertainty as to whether Ferry had paid the last premium so as to complete the full seven years of the term. It was found that this premium had been paid, and that the company was therefore obligated to pay $160. On March 3, 1933, Ferry died suddenly. The company forwarded its check for $160 in payment of the cash surrender value of the policy, and does not dispute its liability on the check. It claims that when said check is cashed its liability will be discharged. Plaintiff, however, claims that as the last-named beneficiary in the policy, she is entitled to collect the sum of $1,000, the entire face value of the policy, and has brought suit to recover that amount. The trial judge directed a verdict for defendant.

We limit our discussion to the questions propounded in appellant's brief. She claims that the policy contained no provision for the payment of cash surrender values upon the surrender of the policy by the insured. In clause two of the policy, cash, loan, paid-up and extended insurance values are provided for as shown in the tables contained in the paragraph following, wherein "cash or loan values," etc., are set up. We believe that the listing of "cash value" at $160 at the end of the seventh year permits of no other construction than that this amount represents the cash surrender value of the policy at that time.

Plaintiff further claims that the defendant developed its case by introducing the testimony of its local agent and also of its president and general manager for the purpose of showing the surrender of the policy and the payment of its cash value; · that such testimony was inadmissible on the ground that it was equally within the knowledge of the deceased (3 Comp. Laws 1929, § 14219). Almost all of such testimony was developed by plaintiff through cross-examination, and having herself opened the door to that testimony, she cannot now complain because defendant thereupon more fully developed the subject matter. Moreover, a large part of the testimony was introduced without any objection whatsoever, some of it consisting of letters written by the deceased. There was sufficient unobjectionable testimony to bring out the full facts of the case.

Plaintiff's objection that the check was not paid to the insured during his lifetime is fully answered by the case of *Lauer* v. *Michigan Life Ins. Co.*, 268 Mich. 614. The insured made his election, gave a full release to the company, and surrendered his policy. The company was solely bound to pay the cash surrender value.

The main question presented is whether plaintiff had such rights as beneficiary under the policy that the insured could not surrender it for its cash value without her consent, unless he first effected a change of beneficiary to himself or his estate. Plaintiff, in asserting the necessity of the intermediate step, relies largely upon the case of *Quist* v. *Western & Southern Life Ins. Co.*, 219 Mich. 406. The issue in that case was whether the insurance company still remained liable to plaintiff, the beneficiary named in the policy, notwithstanding the fact that the in-

sured, in accordance with the rights reserved to
him in the policy, had constituted his estate bene-
ficiary in place of plaintiff, and then cashed in the
policy. Plaintiff contended that the alleged change
of beneficiary was ineffective because not indorsed
on the policy, as therein provided. We held that
the insured, as one party to the contract, and the
insurer as the other, could waive compliance with
the required formalities, and that the company was
relieved from liability. Much confusion has arisen
as to the rights of the beneficiary, due to the failure
to distinguish cases where the policy does not per-
mit the insured to change the beneficiary and in
which it is uniformly held that the rights of the
latter may not be cut off without his or her consent.
However, where the policy does reserve to the in-
sured the right to change the beneficiary, the in-
sured retains full control of the policy, and may
exercise all rights thereunder without the consent
of the beneficiary. Under such a policy the bene-
ficiary has merely an expectancy which may be de-
creased in value or entirely cut off without his or
her consent, upon the insured exercising his options
under the policy. *Quist* v. *Western & Southern Life
Ins. Co., supra; New York Life Ins. Co.* v. *Cook,* 237
Mich. 303; *John Hancock Mutual Life Ins. Co.* v.
*Jedynak,* 250 Mich. 88. We believe that the only
correct and sensible rule is that where the right to
change the beneficiary is expressly reserved to the
insured, and where there is no fraud or mistake
on the part of the insurance company, it is unneces-
sary for the insured to go through the idle ceremony
of first changing the beneficiary to himself or his
estate as a condition precedent to cashing in the
policy. The law does not encourage indirection or
roundabout methods of doing that which may law-

fully be done in a direct manner. In *Rawls* v. *Penn Mutual Life Ins. Co.*, 165 C. C. A. 319 (253 Fed. 725), plaintiff, claiming a vested right as beneficiary in the policy, contended that the insured had no right to assign the policy or incumber it with any lien without her consent. In denying her claim the court stated as follows:

"The insured at all times prior to his death had complete domination and control of the policies by reason of his reserved right at any time to change the beneficiary. As was well said by the court of appeals, sixth circuit, in the case of *Mutual Benefit Life Ins. Co.* v. *Swett,* 137 C. C. A. 640, 644 (222 Fed. 200, 204, Ann. Cas. 1917 B, 298):

" 'As the policy to Swett stipulated that he might, on his written request of the company for its appropriate indorsement on the policy, change the beneficiary, his wife did not acquire a permanent or vested interest in it. The existence of such an interest during her husband's lifetime was made impossible by the control over the contract of insurance given to him, independent of her will. Her right was inchoate, a mere expectancy during his lifetime, dependent on the will and pleasure of her husband as holder of the policy, and could not vest until his death happened with the policy unchanged. His control over the policy was, subject to its items, as complete as if he himself had been the beneficiary.'

"The insured clearly might have changed the beneficiary to himself or to his estate, without the consent of, or even notice to, the beneficiary, and might then have made the assignment, or granted the lien to the company, and thereafter reinstated his wife as beneficiary. Had he gone through this circumlocution, her interest would undoubtedly thereby have been made subject to the assignment. What he might have done by indirection and circumlocution, he had the right to do by direct action.''·

Plaintiff further claims that while the insurance company might have had the transaction corrected by a court of equity, a court of law must follow

the exact terms of the policy. There is no provision in the policy forbidding the exercise of any of the options without first securing the consent of the beneficiary. As the policy reserved to the insured the right to change the beneficiary, the insured retained all rights under the policy, including the right to surrender it for its cash value. Since plaintiff had no vested interest in the policy, she cannot complain that the insured reached the desired end by one proper step instead of by taking two steps in the same direction. The fact that the insured undoubtedly could simultaneously change the beneficiary to himself and then cash in the policy without securing the consent of the beneficiary, leads us irresistibly to the conclusion that he could properly accomplish the same result by the simple process of surrendering the policy to the company together with a proper release. Many cases have so held. *Bost* v. *Volunteer State Life Ins. Co.,* 114 S. C. 405 (103 S. E. 771); *Crice* v. *Illinois Ins. Co.,* 122 Ky. 572 (92 S. W. 560, 121 Am. St. Rep. 489); *Illinois Bankers' Life Ass'n* v. *Rhodes,* 147 Ark. 191 (227 S. W. 403); *Cooper* v. *West,* 173 Ky. 289 (190 S. W. 1085); *Baxter* v. *Old National-City Bank,* 46 Oh. App. 533 (189 N. E. 514); 2 Couch Cyclopedia of Insurance Law, § 333.

Judgment is affirmed, with costs to defendant.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Bushnell and Edward M. Sharpe, JJ., concurred.