HOWARD *v.* SOVEREIGN CAMP OF WOODMEN OF THE WORLD.

4-3778

Opinion delivered March 18, 1935.

*Homer T. Rogers* and *Compere & Compere,* for appellant.

*Mahony & Yocum,* for appellee.

HUMPHREYS, J. This suit was instituted by appellant against appellee, a fraternal beneficiary association, in the Union County Circuit Court to recover the cash surrender value of policy No. RW-1004950-L. He paid premiums on the policy for thirty-six years or up to and including February 28, 1933. On March 25, 1933, he wrote a letter to appellee applying for the payment of the cash surrender value on his certificate, which was not answered by appellee at the time it received the letter. It claimed later that it did not receive the letter until March 30, 1933, and that on that day the State of Nebraska declared a moritorium suspending temporarily

the payment of the cash surrender values of policies of insurance companies doing business in that State. This moritorium was lifted on the 9th day of September, 1933, before the instant suit was tried. Appellant, at its meeting in July, 1933, in Chicago, amended its constitution and bylaws, suspending the payment of cash surrender values of its outstanding policies until September 1, 1935. The policy or certificate of appellant contained a provision that his rights as a member should be determined by the constitution and bylaws at the time he joined and as thereafter adopted.

On a hearing of the cause, the trial court abated the suit and dismissed appellant's complaint without prejudice, from which is this appeal.

The main question arising on this appeal is when appellant's right to demand the cash surrender value of his policy accrued. It accrued on the date of his letter, March 25, 1933. The date of its reception, or the date it should have been received in due course of the mails, related back to the date the letter was mailed. It became a demand for the cash surrender value of his policy on the date it was stamped, properly directed and mailed. On that date his right to the cash surrender value of his certificate became a fixed and vested right. This vested or contractual right could not be impaired by any subsequent change in appellee's constitution or bylaws. The reservation in the certificate or policy to make such changes could only apply to certificates or policies under which vested rights had not accrued.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to the trial court to render judgment in favor of appellant against appellee for the amount of the cash surrender value of the policy on March 25, 1933, together with interest thereon.