MUTUAL LIFE INS. CO. *v.* KAISER.

(Division B.   Dec. 7, 1942.)

[10 So. (2d) 766.   No. 35158.]

**Wells, Wells, Lipscomb & Newman**, of Jackson, for appellant.

**J. H. Keyer,** of Natchez, for appellee.

584

Argued orally by **Hubert Lipscomb**, for appellant.

**Griffith, J.**, delivered the opinion of the court.

On May 23, 1923, appellant company issued its policy of life insurance, No. 2,660,865, to Louis S. Kaiser, with appellee as the named beneficiary. The policy contained the following provision: "After three full years' premiums have been duly paid, and provided there is no premium more than three months in default, the owner may elect one of the following options: (a) to surrender this policy for its cash value, less any indebtedness to the Company. . . ."

On March 24, 1941, the owner of the policy took it to the district office of appellant company, and delivered it to the district manager, with the following letter: "March 24, 1941. The Mutual Life Insurance Company of New York. Gentlemen: Please send me check for the cash surrender value of policy No. 2,660,865. (Signed) Louis S. Kaiser." The policy and letter were received at the home office of the company on March 28, 1941, and on April 1, 1941, the company mailed its check to its state office for delivery to the insured. But the insured died on April 1, 1941, before the check reached him.

This suit is by the beneficiary for the face of the policy, the contention being that the death of the insured before

receipt of the check for the cash surrender value operated as a revocation of the offer to surrender, and that in consequence the policy was in full force for its original amount. In this connection it is to be noted that there is no contention as to the surrender value or that the check drawn by the company therefor was not correct in amount,—although this would perhaps be immaterial.

The privilege to exercise the quoted option was one which was bought and paid for by the insured, and was at all times irrevocable by the company so long as the policy remained in force. When the insured elected to exercise the option by. an unqualified notification to the company to that effect, the obligation of the company became thereupon a matured indebtedness to the insured for the amount of the cash surrender value, and any contingent liability thereby came to an end. The company would have no right or option or privilege to reject the unconditional notification of the exercise by the insured of his right to accept the cash surrender value, and when so notified in unqualified terms the obligation of the company to pay the cash surrender value became then and there a fixed and perfected obligation,—a matured debt with all other obligations merged into it. The authorities seem to be uniform in so holding. Among these see Victory Ins. Co. v. Schroeder, 167 Okl. 516, 30 P. (2d) 894; Crown Point Iron Co. v. Ætna Ins. Co., 127 N. Y. 608, 28 N. E. 653, 14 L. R. A. 147; Pacific States Life Ins. Co. v. Bryce, 10 Cir., 67 F. (2d) 710, 91 A. L. R. 1446; Lipman v. Equitable Life Assur. Soc., 4 Cir., 58 F. (2d) 15; Pequot Mfg. Corp. v. Equitable Life Assur. Soc., 253 N. Y. 116, 170 N. E. 514; Fowler v. State Life Ins. Co., La. App., 160 So. 139; Howard v. Sovereign Camp, 190 Ark. 610, 79 S. W. (2d) 1000; McCormick v. Travelers' Ins. Co., 215 Mo. App. 258, 264 S. W. 916; La Londe v. Roman Stand. Life Ins. Co., 269 Mich. 330, 257 N. W. 834; Fidelity Mutual Life Ins. Co. v. Merchants' etc. Bank, 5 Cir., 71 F. (2d) 777; Lovett v. Phoenix Mutual Life Ins. Co., D. C., 44 F. Supp. 888.

Appellee relies on Murphree v. National Life & Accident Ins. Co., 168 Miss. 667, 150 So. 534, 151 So. 748. That case is not in point. There the insured sought to consummate the surrender upon something different in obligatory terms as compared with the terms contained in the policy. In effect, he made a counterproposal, and the court applied the familiar principle of the contract law that counterproposals are in fieri until there shall be a communicated acceptance thereof by the offeree. The opinion in that case made the distinction clear enough when read in the light of the facts there being dealt with.

Appellant tendered to the administrator of the decedent's estate the sum of $954.58, the correct amount due as the cash surrender value, and asserted in its answer its readiness to pay said sum at any time to said administrator. The present suit is by the beneficiary as if the policy was in existence as a life insurance policy at the date of the death of the insured, when in fact it had been converted into a debt to the insured, which debt is now one due to his estate. The disposition made of the present case will, of course, be without prejudice to the administrator to receive or recover the sum of $954.58 with interest.

Reversed, and decree here for appellant.