## FRANK R. ROGERS v. MILTON BROWN.

(Filed September 6, 1905.)

1. APPEAL—Case Made—Evidence. Where an appeal is taken by a case made, the evidence will not be considered unless there is a statement therein to the effect that the case made, as settled, contains all of the evidence.

2. STATUTE OF LIMITATIONS—Evidence. Where suit is brought on an alleged cause of action, and the petition sets up a state of facts which show that the action is not barred, and the defendant's answer denies the allegations of the petition and further pleads affirmative facts which, if true, would show the cause to be barred by the statute of limitation, and, on the trial, judgment is rendered in favor of the plaintiff, the appellate court must assume that the evidence justified such judgment, where the case made is such that it cannot consider the evidence taken on the trial.

3. PLEADINGS—Admission Against Interest—Amendments. Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court, or on appeal, when properly preserved in a transcript or case made, so long as they remain a part of the record. If the statements or admissions were made by himself or by his counsel under an honest mistake or misapprehension of what the facts really were, and he desires to be relieved from the effects thereof, he should apply to the trial court for leave to withdraw such admissions or pleadings, and if required to do so make a showing of good faith in support of his application, which should be granted or denied in the furtherance of justice.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Rush & Steen,* for plaintiff in error.

*C. H. Parker* and *Milton Brown,* for defendant in error.

Opinion of the court by

BURWELL, J.: Frank R. Rogers, while a resident of the state of Kansas, executed and delivered a written contract of which the following is a copy:

"350.00                    Santa Fe, Kans., May 8th, 1893:

"August 1st, 1894, for value received, I promise to pay to the order of Kern and Rosenthal, three hundred and fifty dollars, at the Haskell County Bank, with interest at 6 per cent. per annum from date until paid. If the interest be not paid when due, to become as principal and bear the same rate of interest. The makers and endorsers of this note hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and consent that the time of payment may be extended without notice thereof. Payee agrees to accept in payment for this note (except accrued interest) clear title to s. w. $\frac{1}{4}$ 10-33-39, Stevens county, Kansas, or 160 acres of land equally acceptable to payees.

"Endorsed on back:    Pay to Haskell County

"FRANK H. ROGERS.
"KERN & ROSENTHALL."

The Bank of Santa Fe, of Santa Fe, Kansas, became the owner of the contract or note, and the bank commenced suit against Rogers on the contract in the district court of Garfield county, Oklahoma, on May 7th, 1900. The petition alleges that Rogers first came to Oklahoma in August, 1895. The note, during the pendency of the suit, was transferred to Milton Brown, and, by leave of court, he filed an amended petition, making all of the allegations of his original petition a part of his amended petition. The defendant in his answer pleads the statute of limitation, and alleged that the defendant became a resident of Oklahoma on September 16th,

1893, and the defendant in his original answer admitted that the bank was entitled to the proceeds of the contract, but contends that he is not bound by such admission for the reason that he abandoned that pleading when he filed an amended answer. The pleadings present a square issue as to when the defendant located in Oklahoma. If he came to Oklahoma in August, 1895, then the cause of action is not barred, for five years had not run from that date to May 7th, 1900, the day on which suit was begun on the contract; but if he came to Oklahoma in 1893, as alleged by the defendant, the cause was barred, for the statute of limitation in force at the commencement of the action became a law on February 28th, 1895, (*Keagy v. The Wellington National Bank*, 12 Okla. 33.) and the suit was not commenced until May 7, 1900, or more than five years after the law went into effect. This issue was determined by the trial court on April 28, 1903, and it rendered judgment in favor of the plaintiff for $558.00 with interest thereon from that date, at the rate of 7 per cent per annum and, under the condition of the record, there being no statement in the case made to the effect that it contains all of the evidence, we cannot consider the transcript thereof for any purpose. (*Frame v. Ryel.* 14 Okla. 536.) We are compelled to assume that the trial court decided that question correctly, and that the plaintiff proved the allegations of his petition as to when the defendant first located in Oklahoma.

One other question requires our notice, and that is the effect of the admissions of the defendant in his original answer with reference to the ownership of the note or contract in issue; and in discussing this feature of the case, we desire to be distinctly understood as not in any way criticising

the counsel for the defendant. They have insisted in an honorable manner upon what they doubtless believe to be a correct rule of practice, but which in fact, though often recognized by judges and lawyers in following a not uncommon custom, invites deceit, falsehood and fraud. A pleading in a civil cause is simply a recitation in legal form of the matters and things claimed by one and denied by the other to be the facts in the case, and when a plaintiff prepares his petition or a defendant his answer, if honest, he will see to it that his pleading speaks the truth; if dishonest, the rules of practice should be such as to compel him to do so or to suffer as fully as possible the consequent results of his falsehood. In the trial of every cause, both civil and criminal, before the court can determine what rules of law apply, it must ascertain the facts or assume the correctness of those pleaded. It is indeed seldom that a lawyer is either compelled to bring an action or file a pleading in one already commenced, with such haste that he cannot learn the truth in the first instance. Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the party. They present to the court what he claims the facts to·be and, upon such statement, asks it to grant him relief, and he is bound by every statement against his interest made therein, and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any stage of the case, either in the trial court or on appeal if they are preserved in the transcript or case made. (*Lane Implement Co. v. Lowder & Manning,* 11 Okla. 61.)

The facts in a case never change, nor will a party be allowed to change his recitation of the facts simply because

it may happen to be advantageous to do so. If either he or his counsel, in preparing a pleading, have made a mistake and included statements which amount to admissions against his interest under misapprehension of what the facts really were, he should apply to the court for leave to withdraw such admissions or pleading and, if required to do so. make a showing of good faith in support of such application; and the trial court should use its discretion in furtherance of justice in passing upon such matters. (*Blankenship, Receiver, v. Power Co.* 4 Okla. 242.)

There are circumstances in which a defendant may be deemed to have abandoned a pleading or statements contained therein, as, for instance, where he asks leave to amend after a demurrer has been sustained thereto. (*Berry v. Barton, et al.,* 12 Okla., 226), but in such cases the rule of estoppel applies, as in the case at bar, and binds the party by his own acts and conduct. There are cases which lay down a different rule from the view herein expressed, but we cannot concur either in the rule or the correctness of the reasoning by which it is reached. Even where such admissions have been withdrawn, it has been held that they may be introduced in evidence by the adverse party, the same as any other admission against interest made of court. This point, however, is not before us, but we refer to it to show the extent to which the courts have gone in their efforts to compel honesty in pleading, and a truthful presentation of a controversy.

The judgment in the lower court is affirmed, at the cost of appellant.

Beauchamp. J., who presided in the court below, not sitting; all the other Justices concurring.