## FARMERS' STATE BANK OF OLUSTEE v. GRAVELLE.

No. 9838—Opinion Filed Feb. 1, 1921.

Rehearing Denied March 15, 1921.

(Syllabus by the Court.)

1. **Evidence—Admissions by Pleading.**

When a fact is admitted in the answer, no proof respecting it need be introduced by the plaintiff, and it may be presented to the jury as part of the evidence in the case.

2. **Appeal and Error—Harmless Error—Admission of Evidence.**

Conceding the trial court committed error in admitting incompetent evidence to prove a fact admitted in the answer, such error would be harmless.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by Peter Gravelle against the Farmers' State Bank of Olustee to recover penalty for usurious interest paid. Judgment for plaintiff, and defendant brings error. Affirmed.

W. J. Horton and E. E. Gore, for plaintiff in error.

P. K. Morrill, for defendant in error.

PITCHFORD, J. This action was instituted by the defendant in error (plaintiff below) in the district court of Jackson county against the plaintiff in error (defendant below) for the recovery of the penalty for usurious interest, under section 1005, Rev. Laws 1910, alleged to have been paid by him to the plaintiff in error. Hereafter, for convenience, the parties will be designated as they appear in the court below.

For his cause of action, the plaintiff alleged that on March 8, 1912, the defendant bank loaned to the plaintiff the sum of $1,978.15 on condition that the plaintiff would pay to the defendant interest thereon at 12 per cent. per annum, said loan being evidenced by a note signed by the plaintiff, dated March 8, 1912, due September 1, 1912, expressing interest from maturity at 10 per cent. per annum until paid, and alleged the payment of $399.70 as usurious interest for said loan. In the trial upon the issues, joined by the answer to the petition, the jury returned a verdict for the plaintiff in the sum of $799.40, being double the amount of interest paid. Judgment was duly entered in accordance with the verdict returned.

From said judgment, the defendant appeals and assigns numerous errors, which are argued under assignments 1 and 2, to the effect that the trial court erred in overruling the demurrer of defendant to the evidence introduced on behalf of plaintiff, and in refusing a peremptory instruction to return a verdict in favor of defendant. It is contended by the defendant that there was no competent evidence showing the payment of any such sum as sued for, or of any particular sum, as interest.

The plaintiff testified that he executed the note sued on to the defendant; that his contract with the defendant at the time was to pay 12 per cent. interest; that he paid this rate from the making of the note until it was paid off between the 21st and 31st of December, 1914.

The answer admits that on the 3rd day of September, 1912, the note being past due and unpaid, the plaintiff paid for an extension of the time of payment until October 1, 1912, the sum of $19.78 as interest therefor, and continued to pay this amount each month up to December 2, 1912, when there was paid upon the principal of the note $1,078.15, leaving a balance due thereon of $900.

It therefore appears that from the 3rd day of September, 1912, to the 2nd day of December, 1912, the plaintiff had paid, as interest, $59.34.

It is further admitted in the answer that from the 2nd day of December, 1912, to the 31st day of December, 1914, the date upon which the balance of the principal due upon the note was liquidated, the plaintiff had paid, as interest, $224.30. This last amount added to $59.34 totals $283.64. It is a matter of simple calculation that interest at 10 per cent. from the 1st day of September, 1912, to the 2nd day of December, 1912, would amount approximately to $49.44. Therefore, the interest actually paid was $9.90 in excess of 10 per cent. The interest on the $900, the balance due from December 2, 1912, after the credit of $1,078.15 at 10 per cent. to the time the indebtedness was paid, would amount to $185, whereas the interest actually paid during that time was $224.30. The amount actually paid during that time in excess of 10 per cent. was $98.64.

In the answer, however, there is no admission nor anything indicating the rate of interest charged on the amount borrowed from date of the note to maturity thereof; however, it is alleged in the plaintiff's petition and testified to by the plaintiff that at the time the money was borrowed there was deducted interest up to the maturity of the note of 12 per cent. It is contended by the defendant that the court should exclude the evidence upon this point, because the same amounted to a conclusion; that instead of testifying he had paid 12 per cent. interest the plaintiff should have stated the exact amount paid in dollars and cents and let the jury draw the conclusion as to whether or not the same amounted to usury. Under the circumstances of this case, we cannot agree with this contention. When the plaintiff testified he entered into this contract with the defendant, whereby he was to pay him 12 per cent. interest, and he further testified that he did pay 12 per cent. interest up to the maturity as expressed in the note, and when the defendant then admitted in its answer that from the time of the maturity of the note the same was extended up to the 2nd of December by the payment of a named sum, as interest, and when the defendant acknowledged and showed in its answer that the amount received amounted to exactly 12 per cent. with no denial that the plaintiff had paid 12 per cent. from the date of the loan, the jury was justified in finding that the interest at 12 per cent. from the 8th day of March, 1912, to the 3rd day of September, 1912, amounted to $116.06, which sum, added to the interest acknowledged to have been received by the defendant, totals exactly $399.-70, the amount sued for.

The main defense relied upon by the defendant in the trial court was the statute of limitations. It was admitted in the answer that on March 8, 1912, the defendant loaned to the plaintiff the principal sum of $1,978.15 to be due and payable September 1, 1912, for which loan the said plaintiff paid interest in advance to said date, and that the said note matured on the 1st day of September, 1912, and became due and payable, and alleged that if usurious charges of interest in the amount charged upon said note from date thereof until said maturity, to wit, September 1, 1912, were paid, the collection of the same is now barred by the statute of limitations, for the reason that this suit was not brought within the two years from the date of the maturity of said note.

And further: That said defendant would further show that on the 3rd day of September, 1912, the said note above mentioned being past due and unpaid, the plaintiff paid for an extension of the time of payment thereof until October 1, 1912. And then follows the various items of interest paid and the time of payment; the last interest being paid on December 31, 1914, on which day the note was paid off in full.

The defense of the statute of limitations has been abandoned by the defendant, for the reason that this court in Bean et al. v. Rumrill, 69 Oklahoma, 172 Pac. 452; Ruby v. Warrior, 71 Oklahoma, 175 Pac. 355; and Guinn et al. v. Security State Bank of Shawnee, 74 Oklahoma, 176 Pac. 898, has since the trial in the lower court decided adversely to the contention of the defendant on this point.

When the defendant admitted in its answer that it had charged an amount in excess of the legal rate of interest, and had made this charge and collected the same from the 2nd day of September, 1912, to the final payment of the principal, the plaintiff was not required to establish the fact to the jury in clearer terms than was done by this evidence.

In 31 Cyc. 214, the rule is stated as follows:

"When a fact is admitted upon the pleadings, no proof respecting it need be introduced, and it may be presented to the jury as part of the evidence in the case. By admitting in the answer a fact alleged by plaintiff, the fact is as well pleaded for the purposes of the answer as though averred therein. An admission on the pleadings is an admission for all the purposes of the

cause. Admissions made on the pleadings are conclusive upon the party making them as long as they stand upon the record, and no evidence can be shown to contradict them." Citing Dyas v. Southern Pac. Co., 140 Cal. 296, 73 Pac. 972; Gerson v. Pool, 31 Ark. 85.

In the case of Frank R. Rogers v. Milton Brown, 15 Okla. 524, 86 Pac. 443, the third paragraph of the syllabus is as follows:

"Where a party to an action makes solemn admissions against his interest in a pleading, they should be treated as admitted facts, and he will not be heard to question the correctness thereof at any stage of the case in the trial court, or on appeal, when properly preserved in a transcript or case-made, so long as they remain a part of the record. If the statements or admissions were made by himself or by his counsel under an honest mistake or misapprehension of what the facts really were, and he desires to be relieved from the effects thereof, he should apply to the trial court for leave to withdraw such admissions or pleadings, and if required to do so, make a showing of good faith in support of his application, which should be granted or denied in the furtherance of justice."

We quote further from the body of the opinion as follows:

"Pleadings in a civil case are not merely matters of form, but they are solemn declarations of the party. They present to the court what he claims the facts to be and, upon such statement, asks it to grant him relief, and he is bound by every statement against his interest made therein, and will not be heard to question the correctness thereof, so long as they remain a part of the record; and they may be taken advantage of by the adverse party at any stage of the case, either in the trial court or on appeal, if they are preserved in the transcript or case-made. (Lane Implement Co. v. Lowder & Manning, 11 Okla. 61).

"The facts in a case never change, nor will a party be allowed to change his recitation of the facts simply because it may happen to be advantageous to do so."

In Fish v. Sims, 42 Okla. 535, 141 Pac. 980, the court said:

"The defendant having admitted in his answer that the lands described in plaintiff's petition were the allotments of Mekey and Losanna Bruner, it was not necessary, therefore, for the plaintiff to introduce any evidence in support of her allegation that Mekey Bruner and Losanna Bruner were the allottees of said lands; this fact having been admitted by the answer." Citing Rogers v. Brown, 15 Okla. 524, 86 Pac. 443; Pugh v. Stigler, 21 Okla. 854, 97 Pac. 566; Oklahoma Moline Plow Co. v. Smith, 41 Okla. 498, 139 Pac. 285, and other authorities.

The defendant has cited a number of decisions, insisting that they clearly sustain the position of the defendant; that the court committed an error in not sustaining the objection to the plaintiff's evidence. Suffice it to say we have carefully read the decisions cited, but fail to see wherein the same are applicable to the case at bar; however, if they were in point, the defendant, in view of our conclusions, would not be in position to urge the same, for the reason that, having admitted receiving usurious interest, the admission of the evidence, if error, would be harmless.

See Armstrong, Byrd & Co. v. Crump, 25 Okla. 452, 106 Pac. 855; Mendocino Co. v. Peters et al. (Cal. App.) 82 Pac. 1122; Camp v. Simon et al. (Utah) 63 Pac. 332.

Our conclusion is that the judgment of the trial court should be affirmed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.