## SOUTHWEST BATTERY CORPORATION v. MANN et al.

No. 26413.   March 16, 1937.

Rehearing Denied April 6, 1937.

Rainey, Flynn, Green & Anderson, for plaintiff in error.

Elmer L. Fulton, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Oklahoma county by Betty Jo Mann, formerly Betty Jo Hamilton, hereinafter referred to as plaintiff, against Dwight L. Millar and the Southwest Battery Corporation, hereinafter referred to as defendants, wherein plaintiff sought recovery against defendant Millar on a promissory note and against the Southwest Battery Corporation by virtue of an assignment from defendant Millar to her of the proceeds of a contract between the defendant Millar and the defendant Southwest Battery Corporation. The cause was tried to a jury, and a verdict was rendered in favor of plaintiff against the defendant Millar in the sum of $948 23, with interest and attorney's fees, and a verdict was rendered in favor of plaintiff against the defendant Southwest Battery Corporation in the sum of $905.78. From a judgment on the verdict, the defendant Southwest Battery Corporation appeals.

The record shows that on June 2, 1932, a contract in writing was entered into by and between defendant Millar and the defendant Southwest Battery Corporation, whereby Millar was to fabricate and paint a quantity of steel signs for said corporation; that Millar, for the purpose of purchasing materials to be used in making the signs, borrowed $800 from plaintiff and executed and delivered to her his promissory note for said amount. At the same time he executed and delivered to her an assignment which in part reads as follows:

"The said Dwight L. Millar does hereby transfer and assign to the said Betty Jo Hamilton all money which may hereafter become due him under and by virtue of his said contract with the Southwest Battery Company and hereby authorizes the said Southwest Battery Company to pay to the said Betty Jo Hamilton all money which may hereafter become due him under and by virtue of the said contract."

Plaintiff's evidence was to the effect that defendant Southwest Battery Corporation was notified of said assignment in February, 1933. It is plaintiff's contention that said corporation is liable to her in such amounts as were paid by said corporation to Millar after the service of notice of the assignment upon said corporation.

It appears that after a certain quantity of the signs had been made and delivered to the defendant corporation, Millar was notified that the signs were unsatisfactory and the order was canceled.

On November 9, 1933, defendant Millar sued the defendant corporation in the court of common pleas of Oklahoma county for damages arising from the breach of contract. On June 9, 1934, the parties to that action entered into an agreement of settlement whereby Millar delivered to the defendant corporation certain materials then in his possession and received the sum of $500.

In connection with the $500 payment, the trial court instructed the jury that if it was found that plaintiff had served notice of the assignment upon the defendant corporation prior to the settlement of the case in the court of common pleas, then plaintiff was entitled to judgment against said defendant in the sum of $500. It is contended that the court erred in giving such instruction. Defendant's proposition is as follows:

"There was no evidence in the record reasonably tending to support the judgment of the trial court as to that part of the judgment represented by the $500 paid under the compromise agreement, for a compromise agreement is no evidence of breach in a contract action between one of the parties and a third party."

The authorities cited by defendant do not sustain its position. From an examination of all the pleadings and the evidence now before this court, it is clear that the $500 was paid to defendant Millar under the contract. In so far as the compromise settlement affected the rights of plaintiff in this action, an issue of law was involved which the trial court properly determined.

In regard to the payment of various other sums of money to Millar by the defendant after notice of the assignment was received by it, the evidence was highly conflicting. Witnesses for the defendant corporation testified that all sums paid to defendant Millar subsequent to February, 1933, were not sums due under the contract herein involved, but were payments for other services rendered and materials furnished. Plaintiff relies in the main upon certain allegations contained in defendant's amended answer as follows:

"For further defense defendant alleges that for a period of 23 months after the alleged execution of the assignment referred to in plaintiff's petition, the plaintiff knowingly and without objection permitted this defendant to make numerous payments

amounting to, to wit: $1,675 under the original contract to Dwight L. Millar, and this defendant, with full knowledge and consent of the plaintiff, did make such payments to Dwight L. Millar."

Plaintiff introduced said amended answer as evidence to establish the fact that the payments made to defendant Millar were payments under the contract herein involved. After all the evidence was introduced in the case, the defendant corporation was granted leave to amend its answer to allege that all of the checks issued to Millar subsequent to September, 1932, were issued in payment of other services furnished by Millar to said defendant corporation and not connected with the contract herein involved. In allowing said amendment it was pointed out by the court that such amendment did not change the evidence, but merely changed the pleadings. The admission contained in the answer that the various payments made to defendant Millar were made under the contract was competent evidence to be considered by the jury. Farmers State Bank of Olustee v. Gravelle, 80 Okla. 276, 195 P. 1092. The other evidence of defendant to the effect that said payments were made for other services created a conflict in the evidence and presented an issue of fact for the jury to determine.

The evidence relating to the service of notice upon the defendant corporation and relating to the payments to Millar after the service of said notice was highly conflicting, but there is ample competent evidence to sustain the findings of the jury on these issues of fact.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and BUSBY, WELCH, CORN, GIBSON, and HURST, JJ., concur. RILEY and PHELPS, JJ., absent.