## ATLANTIC FIRE INSURANCE CO. v. SMITH et al.

No. 27646.    March 29, 1938.

Rehearing Denied May 24, 1938.

Application for Leave to File Second Petition for Rehearing Denied June 14, 1938.

M. C. Rodolf, J. B. Houston, Parke Davis, and J. B. Patterson, for plaintiff in error.

Streeter Speakman, Glenn O. Young, and A. L. O'Bannon, for defendants in error.

PER CURIAM. This is an appeal from the district court of Creek county. The action was instituted by the defendants in error, hereafter referred to as plaintiffs, against the plaintiff in error, hereafter referred to as defendant, to recover the sum of $3,500, alleged to be due under a contract of fire insurance.

Plaintiffs in their petition allege in substance that on February 1, 1934, they were the owners of certain furniture, fixtures, and a stock of merchandise located in the city of Bristow, Okla., and that on said date the defendant, through its agent at said point, issued and delivered to the plaintiffs a certain policy of insurance whereby the aforesaid property was insured in the amount of $3,500 against loss or damage by fire for a period of one year; that on March 13, 1934, while said policy of insurance was in full force and effect, the property covered thereby, and of the value of $9,767.58, had been damaged and destroyed by fire; that timely proof of said loss had been furnished the defendant, but that defendant had denied any and all liability under said policy. Wherefore, plaintiffs prayed judgment for the face amount of said policy. Answer of defendant admitted the execution and delivery of said policy of insurance as pleaded by the plaintiffs, but alleged that it had been canceled prior to any loss thereunder, and by way of further defense asserted that the plaintiffs had caused the fire, and that the proof of loss submitted was false and that the plaintiffs had encumbered a portion of the insured property by chattel mortgage, and had thereby voided the policy, and that the proof of loss which plaintiffs furnished was insufficient, and therefore that the defendant was not liable to the plaintiffs in any amount. The plaintiffs in their reply, after specifically denying that the policy had been canceled prior to the loss thereunder, admitted that they had requested the defendant to cancel said insurance March 1, 1934, but alleged that it had refused to do so until after the loss had occurred, and pleaded further that after the loss the defendant had, with full knowledge of all of the facts, denied liability upon the sole ground that the policy had been previously canceled, and that it was thereby estopped to plead any other defense. Defendant was thereafter permitted to file an amendment to its answer wherein it denied the execution of the loss payable clause which was attached to the policy shown as an exhibit to plaintiffs' petition. The parties waived a trial by jury and tried the cause to the court. The court found the issues generally in favor of plaintiffs and gave them judgment in the sum of $2,550. The defendant appeals, and the plaintiffs cross-appeal.

The record reveals substantially the following state of facts: Plaintiffs, on February 1, 1934, procured a policy of insurance from one J. H. Roach, an agent of the defendant; thereafter, and about February 12, 1934, plaintiffs executed a chattel mortgage to the Morris Plan Bank of Tulsa on a portion of the property which had been insured. The agent, J. H. Roach, had authority to endorse consent to mortgages on policies issued by his company, but whether he did in the instant case was a disputed question. About March 1, 1934, the plaintiffs told the agent of the defendant that they desired to terminate the policy for the reason that they wanted to give the insurance to an agent of another company, and about the 4th or 5th of March, 1934, defendant's agent called for the policy, but plaintiffs were unable to locate the same, and thereafter, on March 10, 1934, the defendant wrote the plaintiffs notifying them that the policy had been canceled effective at noon, March 17, 1934. Plaintiffs suffered a loss by fire on the night of March 13, 1934, and claimed that the original policy which had been delivered to them had been lost or destroyed, and therefore they attempted to prove contents

of the policy and a loss payable clause by secondary evidence. This gave rise to the dispute regarding the execution of the loss payable clause. Without objection there was some evidence introduced to the effect that the plaintiffs had procured another policy of insurance in the same amount and covering the same stock of goods from another company in accordance with their previous advice to the defendant's agent. It does not appear from the evidence whether this insurance was valid or otherwise. The extent of loss and damage sustained by the plaintiffs was fixed by different witnesses at varying amounts. As grounds for reversal of the judgment, the defendant urges, in substance, that the evidence is insufficient to show that the loss payable clause was indorsed on the policy which was delivered to the plaintiffs, and that if the defendant should be held liable to the plaintiffs, then the loss should be prorated between the defendant and the other insurance company, and finally that the policy was automatically canceled by request of the plaintiffs made to their agent on March 1, 1934. The plaintiffs contend, in substance, that under the evidence they should have had judgment for the face amount of the policy, and that the claim to proration presents a new and different theory from that which was advanced and presented to the trial court, and that the statements made by the plaintiffs on March 1, 1934, were insufficient to effect an automatic cancellation of their policy.

Since the action was one at law and was tried to the court without the intervention of a jury, the decision of the court on questions of fact must be given the same weight and consideration as the verdict of a jury. The rule being stated in Conrad v. James, 174 Okla. 54, 49 P.2d 718, as follows:

"Where a jury is waived and the cause tried to the court, the judgment of the court must be given the same force and effect as the verdict of a properly instructed jury, and if there be any competent evidence reasonably tending to support the judgment of the trial court, the same will not be disturbed on appeal."

It follows that the claim of the defendant that the evidence was insufficient to show an endorsement of the loss payable clause on the policy, as well as the claim of the plaintiffs that the evidence was such that would entitle them to a judgment for the face amount of the policy, cannot be considered.

The contention of the defendant regarding right to proration cannot be entertained, since this issue was not presented to the trial court, and therefore constitutes a new theory in this court. As said in the case of Ward v. Continental Insurance Co., 165 Okla. 20, 24 P.2d 654:

"It is well settled that a party cannot try his case in the trial court on one theory, then ask a reversal in this court on a theory not presented to the trial court."

The final contention of defendant is that the policy was automatically canceled on March 1, 1934, by a request made by the plaintiffs at that time. The policy involved was an Oklahoma standard form and contained the following provision:

"This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation."

The reply of plaintiffs, after expressly denying that the policy had been canceled by mutual consent, contained the following language:

"Further in this connection plaintiffs aver, allege and state that they did on or about March 1, 1934, and prior to the date of said fire, make request upon said defendant to cancel said insurance, but that the defendant expressly failed and refused to cancel said policy of insurance until after said loss by fire had occurred."

The plaintiffs seek to evade the effect of the admission thus made in their reply by testimony which was introduced to explain the circumstances and manner in which the request was made and to show an estoppel by conduct on the part of the defendant. In this connection the plaintiffs rely upon the fact that the defendant under date of March 10, 1934, wrote the plaintiffs a letter in which it attempted to exercise the right reserved to it by the policy to effectuate the cancellation upon notice. Manifestly, if the policy had been canceled by the acts of plaintiffs, the letter of the defendant could not alter or vary the situation. It is the rule that where admissions are made in the pleadings which are material to the action or a defense, they are conclusive upon the party so making them and cannot be thereafter controverted by evidence offered by the parties so bound. See Farmers State Bank v. Gravelle, 80 Okla. 276, 195 P. 1092; Rogers v. Brown, 15 Okla. 524, 86 P. 443; Miller v. Gregory, 132 Okla. 48, 269 P. 302.

As said in the case of Victory Ins. Co. v. Schroeder, 167 Okla. 516, 30 P.2d 894:

"It is the well-settled rule of law, where the policy of insurance provides that the

insurance may be canceled at any time on the request of the insured, that the surrender of such policy with a request to the insurer or its authorized agent that it be terminated, operates ipso facto as a cancellation. See the case of Crown Point Iron Co. v. Aetna Insurance Co., 127 N. Y. 608, 614-616, 28 N. E. 653, 14 L. R. A. 147. In the case of Insurance Commissioner v. Peoples Fire Insurance Co., 68 N. H. 51, 44 Atl. 82, it was held that where the insurance contract entered into by the company provides that it may be terminated at the request of the insured, the reasonable construction of the insured's contractual right to terminate the policy is that he may do so by delivering it to an agent of the company with the request that it be canceled, or with notice that he surrenders it for cancellation, or with any direct manifestation of his purpose to terminate it at that time. In the case of Insurance Company of North America v. Detroit & Security Trust Company, 51 Fed.2d 155, it was held that communication to insured's brokers directing cancellation of policies was ineffective until transmitted to the insurance company, but was effective as to companies for which the brokers acted as general agents."

In the light of the foregoing authorities, it is apparent that when the plaintiffs requested the defendants to cancel the policy involved on March 1, 1934, as they admitted in their reply they did do, and prior to any loss under said policy, the rights and liabilities of the parties were fixed as of said date, and that therefore the plaintiffs by their own statement were precluded from recovering from the defendant in any amount. In view of this conclusion the cause must be reversed and remanded to the trial court, with directions to enter judgment in favor of the defendant.

Reversed with directions.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur. WELCH and DAVISON, JJ., absent.