C. R. SMITH, Plaintiff in Error,

v.

Guy THOMPSON and M. Jo Thompson, Husband and Wife, et al., Defendants in Error.

Nos. 40125–40127.

Supreme Court of Oklahoma.

March 23, 1965.

As Amended March 23, 1965.

Rehearing Denied June 1, 1965.

Swank & Swank and F. J. McDonald, Stillwater, for plaintiff in error.

James M. Springer, Jr., Stillwater, for defendants in error Guy Thompson and M. Jo Thompson, Stickle Lumber Co., Lee W. Clark, Troy Kelley and Chris Holzer, and Chuck's Paint & Paper.

Fitzgerald & Houston, Stillwater, for defendants in error L. K. Wilson Sheet Metal Co., Bradley Plumbing & Electric Co., Earl Wheatley, Kerns Trucking Co., The Lee Co., and Sapulpa Brick & Tile Corp.

Robert M. Murphy, Stillwater, for defendant in error Hamilton Tiling Co.

Glenn E. Laughlin, Stillwater, for defendant in error Tarkington Electric.

M. C. Kratz, Stillwater, for defendant in error B. & H. Masonry.

IRWIN, Justice.

These three cases, which were consolidated for trial and appeal by agreement of the parties, involve the priority of liens on three tracts of land. C. R. Smith, plaintiff in error, had mortgage liens on the three properties involved and he commenced the three proceedings to foreclose his mortgage liens against defendants in error, Guy Thompson and M. Jo Thompson, the mortgagors, and to establish priority of his mortgage liens over the mechanics' and materialmen's liens of the other defendants in error.

The record discloses that the mortgage liens were dated and recorded before commencement of any improvements on the three properties and before any labor was performed or materials were furnished by defendants in error. In other words, the mortgage liens were recorded prior to the time the mechanics' and materialmen's liens could be made effective. However, plaintiff in error's mortgage liens, as filed and recorded, had defective acknowledgements and the trial court found that the same did not operate as constructive notice and there was no evidence indicating that any of the mechanic and materialmen lien claimants (defendants in error) had actual notice of plaintiff's mortgage liens.

The trial court entered judgments foreclosing the mortgage liens and the mechanics' and materialmen's liens, and establishing priority of the mechanics' and materialmen's liens of defendants in error over the mortgage liens of plaintiff. Plaintiff has appealed from the orders overruling his motions for new trials.

The owners-mortgagors, Guy Thompson and M. Jo Thompson, did not appeal from the judgments foreclosing the liens and correctness of the foreclosure proceedings are not questioned on appeal. The properties have been sold and the only issue is the correctness of that portion of the trial court's judgments which established priority in the mechanic and materialmen lien claimants over the mortgage liens claimant.

The mortgage liens claimant, plaintiff in error, will be referred to as plaintiff and the mechanic and materialmen lien claimants will be referred to as defendants.

Plaintiff contends the trial court erred in its findings that defendants had no actual, implied or constructive notice, imputable to them by law, of his mortgage liens, prior to the commencement of the work and improvements upon the premises; and, in refusing to hold that defendants were estopped to assert the priority of their lien claims.

Although plaintiff, in effect, concedes that his mortgages were defectively acknowledged and consequently were ineffective to constitute constructive notice to defendants of his mortgage liens, (see Title 16 O.S.1961, § 26) plaintiff urges the applicability of Title 25 O.S.1961, § 13, which provides:

"Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, and who omits to make such inquiry with reasonable diligence, is deemed to have constructive notice of the fact itself."

Plaintiff submits that the equities in these cases come within the rule announced in Oklahoma State Bank of Ada v. Crumley, 146 Okl. 12, 293 P. 218, but excepts to the view taken by the trial court that there is no evidence in the record of notice to defendants of the prior existence of his mortgage liens. In the above case we held:

"A mortgagee who takes a mortgage on land with actual knowledge that there is an outstanding interest held adversely to the mortgagor takes it subject to the outstanding interest, notwithstanding the fact that the conveyance of the outstanding interest was not properly acknowledged and not entitled to be recorded. With the actual knowledge of the outstanding interest the mortgagee takes no greater interest in the land than it would have taken had the conveyance of the outstanding interest been properly acknowledged and properly of record."

To sustain his contention that defendants either had actual knowledge of his mortgage liens, or had actual notice of circumstances sufficient to put defendants upon inquiry, plaintiff alludes to certain testimony and pleadings in the record.

■ The defendant-mortgagor, Guy Thompson, was a builder of residential properties, who had, in the course of several months, built several houses on lots which he had purchased from plaintiff. Certain defendants testified that they had

supplied labor and materials on other houses constructed by Thompson. Introduced in evidence by one of the defendants, were the warranty deeds by which plaintiff conveyed the properties involved to Thompson. In examining the time the deeds were filed and the time the mortgages were filed, we find the deeds were filed within minutes of the filing of plaintiff's mortgages.

An examination of the deeds introduced in evidence discloses that they are warranty deeds and no reference is made in said deeds to any mortgage. Although Title 42 O.S.1961, § 16, provides a mortgage given for the purchase price of real property, at the time of its conveyance, has priority over all other liens created against the purchaser, the section also provides that the same is subject to the operation of the recording laws. As heretofore stated, the mortgage liens as filed and recorded were ineffective to constitute constructive notice of the mortgage liens.

■ If we should hold that the mortgages as filed constituted actual notice of circumstances sufficient to put defendants upon inquiry, even though they had defective acknowledgements, such holding would be directly in conflict with Title 16 O.S. 1961, § 26, which provides, inter alia, that no mortgage affecting real estate shall be received for record or recorded unless executed and acknowledged in substantial compliance with the laws relating thereto, and the recording of any such mortgage not so executed and acknowledged shall not be effective for any purpose.

■ Whether or not the fact that defendants furnished labor and materials for other houses constructed by Thompson would constitute circumstances sufficient to require defendants to inquire as to the particular facts in the case at bar presented a question of fact and this was resolved against plaintiff. The findings of the trial court are strongly persuasive and should not be set aside unless we can say, in equity and good conscience, that the conclusion reached by the trial court is against the clear weight of the evidence. See Noblin v. Watson, 187 Okl. 173, 101 P.2d 805. We can not say, in equity and good conscience, that the conclusions reached by the trial court are against the clear weight of the evidence.

■ Plaintiff contends that defendants by their pleadings in their cross petitions are estopped to assert priority of their lien claims, because in said pleadings they admit having actual notice of his mortgage liens sufficient to put prudent persons upon inquiry in that the verified answer and cross petition of each of said defendants alleged a joint venture between plaintiff and Thompson, the defendant-mortgagor, and defendants prayed for joint and several judgments against both of them. Plaintiff's theory is that while the trial court sustained his demurrer to the evidence of defendants as to those causes of action, the pleading of a joint venture, whether proved or not, stands as an admission by defendants of actual knowledge of some interest claimed by the plaintiff prior to the beginning of any work. Also, that statements in a party's pleadings against his interest may be taken advantage of by his adversary at any stage of the case, either in the trial court or on appeal, so long as they remain a part of the record. See Farmers State Bank of Olustee v. Gravelle, 80 Okl. 276, 195 P. 1092, 1094; Atlantic Fire Ins. Co. of Raleigh, N. Carolina v. Smith, 183 Okl. 97, 80 P.2d 216, and Caldwell v. Baxter, 158 Okl. 76, 12 P.2d 509. In the last mentioned case it was said where a party makes repugnant defenses he will be deemed to admit that defense most unfavorable to himself and the plaintiff may use the admission as evidence to establish that particular allegation in his petition.

In Small v. Comer, 171 Okl. 418, 43 P.2d 716, we said that a party cannot rely at the same time on inconsistent defenses and that defenses are said to be inconsistent when proof of one necessarily disproves the other.

Although defendants sought affirmative relief against plaintiff in their cross-peti-

tions, we cannot find how such cross-petitions admit that defendants had actual knowledge of some claimed interest in the property involved prior to the effective date of their mechanics' and materialmen's liens. The cross-petitions were filed long after defendant's rights had accrued under their mechanics' and materialmen's liens, and there is nothing in the cross-petitions alleging, or even suggesting, that at the time their liens attached that any of the defendants had knowledge that plaintiff was a joint venturer with the contractor, Mr. Thompson. Nor are there any allegations or admissions that plaintiff's mortgage liens would be superior to those of defendants if the plaintiff and Thompson were not joint venturers.

Whether the allegations were in the form of cross-petitions or answers, both constituted alleged defenses against plaintiff's causes of actions and defendants were entitled to set up as many grounds of defense as they had. See Title 12 O.S.1961, § 272. If defendants proved either, plaintiff could not prevail against them and proof of one would not necessarily disprove the other. That is, if defendants proved that plaintiff and Thompson were actually joint venturers, such proof would not necessarily prove that they had actual knowledge that plaintiff also asserted mortgage liens against the properties.

The plaintiff asks that this Court reverse the judgment of the trial court and establish his mortgage lien claims as a first and prior claim to those of the defendants, or in the alternative, that the cases be remanded for further hearing to permit the taking of evidence on the question of notice. Plaintiff cites no authority for remand of the present causes for additional evidence and the same will not be considered. See Reed v. State Election Board, Okl., 369 P.2d 156.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.