The INSURANCE COMPANY OF the
STATE OF PENNSYLVANIA,
Appellant,

v.

Joe L. SMITH and Amy Jane Smith,
d/b/a Smith Mercantile Company, and
Guarantee Insurance Company, Appellees.

Nos. 82–70, 83–70.

United States Court of Appeals,
Tenth Circuit.

Jan. 15, 1971.

Rehearing Denied Feb. 10, 1971.

A. Camp Bonds, of Bonds, Matthews & Mason, Muskogee, Okl., for appellant.

Richard L. Gossett, of Stipe, Gossett & Stipe, McAlester, Okl., for appellees Joe L. Smith and Amy Jane Smith, d/b/a Smith Mercantile Co.

Robert S. Baker, Oklahoma City, Okl., for appellee Guarantee Insurance Co.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and BRATTON, District Judge.

BRATTON, District Judge.

Two questions are presented for decision on this appeal. The first and primary issue before us is whether the procuring of a new fire insurance policy with the intention that it substitute for an existing policy serves to effect a cancellation of an insured's existing fire insurance policy. The second question is whether an insured's testimony as to value of fixtures, if such opinion is the only evidence on the issue in the case, must be accepted as the proper amount of damages to be awarded.

The facts pertinent to the resolution of these questions are as follows:

The plaintiffs were owners of a grocery store and a hardware store located across the street from one another. They belonged to the Affiliated Grocers and, through its business the Affiliated General Agency, purchased in October of 1966 a three-year fire insurance policy on their properties from the Insurance Company of the State of Pennsylvania.

A loss payable clause in this policy was subsequently endorsed in favor of the Intervenor Phoenix Federal Savings and Loan Association as mortgagee, and the original policy was given to it.

In early 1968 the plaintiffs decided to withdraw from the Affiliated Grocers. Mr. Smith went to the office of the Affiliated General Agency and discussed with its agent there the possibility of changing insurance. He believed he could not keep the insurance if he were to withdraw from the Affiliated Grocers. He was advised that he could continue the policy in force if he desired even though he withdrew from the Affiliated Grocers.

Also discussed during this visit was Smith's desire to place his fire insurance coverage with a local agency, and he was advised that to cancel he must notify the Insurance Company of Pennsylvania that he was cancelling and must send the policy in to the company.

On May 1, 1968, Smith purchased a policy covering the properties from Guarantee Insurance Company. This policy varied from the one purchased from the Insurance Company of Pennsylvania only as to the amount of coverage purchased for the contents of the hardware store.

On May 8, 1968, the hardware store and its contents were completely destroyed by fire. Upon refusal by both companies to pay any loss sustained, plaintiffs brought suit in the court below.

The plaintiffs had not undertaken to notify the Pennsylvania company of cancellation and had not returned the policy to it, and Smith told an insurance adjuster who interviewed him after the fire that he had taken out new insurance and had just never gotten around to sending in the Pennsylvania policy for cancellation.

At trial the Insurance Company of the State of Pennsylvania took the position that the policy purchased from Guarantee Insurance Company was intended to be a replacement of its policy and that

such substitution had cancelled the policy previously issued by it. Guarantee claimed that the Pennsylvania company was its co-insurer and should contribute to whatever loss the plaintiffs had sustained.

The plaintiffs contended that both companies were liable for the loss. Evidence was introduced as to the value of the building's inventory, and the building itself was assessed a stipulated value by both sides. The evidence relating to value of fixtures consisted of Mr. Smith's testimony that they were worth some "seventy-two hundred and some odd dollars."

At the close of the evidence, the court submitted the case to the jury on interrogatories. The first interrogatory asked the jury to find the actual cash value of the contents of the building, exclusive of fixtures, and the jury found this amount to be $35,000.00. The second interrogatory asked the jury to find the actual cash value of the fixtures in the building, and an amount of $5,000.00 was assessed in response to it. The third interrogatory, answered in the affirmative by the jury, asked whether, when he purchased the Guarantee policy, plaintiff Smith intended it to be instead of or as a substitute for the policy on the building and contents previously purchased from the Insurance Company of the State of Pennsylvania.

The court then entered judgment against both defendants, prorating between both defendants the amount found by the jury to be the actual cash value of the contents of the building, together with the stipulated value of the building. Also included in the judgment was $5,-000.00, the amount found by the jury to be the actual cash value of the fixtures destroyed by the fire.

On appeal the Insurance Company of the State of Pennsylvania contends that the jury's affirmative response to the third interrogatory required judgment in its favor under Oklahoma law. Primarily relied on to support its contention are Northern Insurance Co. of New York v. Ford, 371 P.2d 92 (Okl.1962),

and Atlantic Fire Insurance Co. of Raleigh, North Carolina v. Smith, 183 Okl. 97, 80 P.2d 216 (1938).

Both cases enunciate the proposition that the procurement of new insurance during the term of existing insurance, with the intent that the new insurance replace or substitute for the existing policy, serves to effect a cancellation of the existing policy. However, in both cases there was direct communication between the insurance company issuing the first policy and the insured or his agent that a substitution had been made and immediate cancellation was desired.

This is a substantial variance from the facts of the present case.

■ The present case is more analogous to National Investors Fire and Casualty Insurance Co. v. Pacific Indemnity Co., 10 Cir., 359 F.2d 203 (1966). In that case, as in the present case, the premium had been paid on the existing policy, no one took steps to notify the company issuing the first policy of cancellation, and the company itself took no steps toward cancellation. Further, in both cases the policy remained in the hands of the mortgagee, and it was never notified of any steps toward cancellation nor asked to return the policy to the insured or the insurance company. All that exists in the present case is Smith's discussion with the local agent that he desired to place his insurance locally and what steps must be taken to do so, together with his statement to the adjuster that he intended to cancel his insurance with the Pennsylvania company but had not gotten to it. Under such circumstances there was no manifestation of purpose to effect an immediate termination of the insurance policy with the Insurance Company of the State of Pennsylvania. National Investors Fire and Casualty Insurance Co. v. Pacific Indemnity Co., *supra*, 359 F.2d at 205.

Thus, even though the jury's decision that the Guarantee policy was intended to replace the Pennsylvania policy is accepted, it does not follow that the Pennsylvania policy automatically terminated when the Guarantee policy was purchased. Something more is needed, as can be seen from the facts of Northern Insurance Co. of New York v. Ford, *supra*, and Atlantic Fire Insurance Co. of Raleigh, North Carolina v. Smith, *supra*, in order to make the insured's intention the controlling factor.

■ The remaining question is whether, where the only evidence is plaintiff's opinion as to the value of the fixtures, must the plaintiff's assessment be accepted as correct.

The plaintiffs cross-appealed from the jury's award of $5,000.00, contending that the only evidence in the case relating to the value of fixtures was Mr. Smith's testimony and that, because it was uncontroverted, either their motion for a directed verdict for $7,200.00 or their motion for judgment n. o. v. should have been granted.

An owner may testify as to his opinion of the value of property, United States v. Sowards, 370 F.2d 87 (10th Cir. 1966), but his opinion is not conclusive and, as any other fact issue, is subject to the jury's determination. They may consider it together with all other circumstances and facts in the case. Rochester American Insurance Co. v. Short, 207 Okl. 669, 252 P.2d 490 (1953). Their verdict will not be disturbed on this appeal.

Affirmed.